IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Edward Johnson, Jr., ) | Civil Action No.: 0:18-673-BHH |
| )  Petitioner, ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Charles Williams, Warden, ) | |
| )  Respondent. ) | |

Petitioner James Edward Johnson, Jr. ("Petitioner"), proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The petition was later amended. (ECF No. 24.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett, for pre-trial proceedings and a Report and Recommendation ("Report").

On July 23, 2018, Respondent Charles Williams, Warden ("Respondent"), filed a motion for summary judgment, along with a return and memorandum. (ECF Nos. 33 & 34.) Since Petitioner is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on July 24, 2018, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response to Respondent's motion. (ECF No. 36.) In that order, Petitioner was advised of the possible consequence of dismissal if he failed to respond adequately. Petitioner filed a response in opposition to the motion for summary judgment (ECF No. 38). Magistrate Judge Gossett considered the parties' submissions and the record in this case, and on October 15, 2018, issued a Report recommending that Respondent's motion for summary judgment (ECF No. 34) be granted, and the Amended Petition be denied. (*See* ECF No. 41.) The Magistrate Judge advised Petitioner of his right to file specific objections to the Report. (*Id.* at 14.) On November 5, 2018, the deadline for objections having expired, and the Court having received no objections to the

Report, the Court entered an Opinion and Order adopting the Report, granting the motion for summary judgment, denying the Amended Petition, and denying a certificate of appealability. (ECF No. 45.)

However, the Court subsequently received Petitioner's objections on November 8, 2018. (ECF No. 48.) Petitioner later filed what was construed as a motion for reconsideration of the order of dismissal, making a colorable argument that his objections were timely filed under the "mailbox rule" but not received before the Court adopted the Report due to mail room delays over which Petitioner had no control. (ECF No. 49.) In a responsive filing, Respondent indicated that he did not oppose the vacation of the November 5, 2018 order of dismissal in order that the Court have an opportunity to consider Petitioner's objections prior to ruling in this matter. (ECF No. 51.) Accordingly, on December 11, 2018, the Court granted the motion for reconsideration as unopposed, vacated the order of dismissal, and reopened the case. (ECF No. 52.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation") (citation omitted).

The document that Petitioner filed as objections to the Report, is composed almost entirely of cut and pasted portions of his response in opposition to the motion for summary judgment. (*Compare* ECF No. 48 at 3-9, *with* ECF No. 38 at 7-12.) Those arguments were previously made to and considered by the Magistrate Judge. Petitioner does not point to any specific error in the Magistrate Judge's reasoning or findings. In fact, other than the cover page attached to the objections, Petitioner does not mention the Report at all. (*See* ECF No. 48.) "Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, C/A No. 9:07-cv-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007). *De novo* review of the Magistrate Judge's Report is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the Magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 48 (4th Cir. 1982).

After a thorough review of the record of this matter, the applicable law, and the Report of the Magistrate Judge, the Court finds no error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 41) by reference into this order. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 34) is GRANTED, the Amended Petition is DENIED.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists

would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

/s/ Bruce Howe Hendricks
United States District Judge

December 21, 2018
Greenville South Carolina

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.